IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**MICHELLE NICOLE EVANS,**

       **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　**Civil Action No. 3:13CV11**
　　　　　　　　　　　　　　　　　　　　　　**(Judge Groh)**

**CPL. ADAM ALBAUGH, et al.**

       **Defendants.**

### REPORT AND RECOMMENDATION DISMISSING
### THE CITY OF MARTINSBURG AS DEFENDANT

Th plaintiff, a non-prisoner, living in Waynesboro, Pennyslvania, initiated this case pursuant to a civil rights complaint filed on February 1, 2013. On February 12, 2013, she was granted leave to proceed *in forma paperis* and on May 10, 2013 she was directed to file her Complaint on a court approved form. On May 21, 2013, Plaintiff filed her Complaint [14] on the court approved form. Accordingly, this case is now before the undersigned for a preliminary review and report and recommendation pursuant to 28 U.S.C. §§ 1915(e) and 1515(A) and LR PL P 83.01, *et seq*.

### I. The Complaint

In the complaint, the plaintiff raises excessive force claims against the above named defendants for actions that occurred during a traffic stop on March 17, 2012. In addition, the plaintiff brings a claim against the City of Martinsburg for failing to supervise the Defendant Officers and for failing to train them properly.

### II. Standard of Review

Because plaintiff is seeking redress from a governmental entity or employee, the

Court must review the complaint to determine whether it is frivolous or malicious.  28 U.S.C. § 1915A.  Pursuant to § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  Complaints which are frivolous or malicious, must be dismissed.  28 U.S.C. 1915A(b).

A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  However, the Court must read *pro se* allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous.  See Neitzke at 328.  Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**III.  Analysis**

**A.  Dismissal of The City of Martinsburg as a Defendant**

42 U.S.C. §1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not

---

[1] Id. at 327.

> be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982)

The City of Martinsburg is not a proper defendant because this entity is not a person subject to suit under 42 U.S.C. § 1983. See Preval v. Reno, 203 F.3d 821 (4th Cir. 2000) (unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amendable to suit under 42 U.S.C. § 1983); and Brooks v. Pembroke City Jail, 722 F. Supp.1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.")

## IV. Recommendation

Accordingly, the undersigned recommends that **Defendant The City of Martinsburg** be **DISMISSED WITH PREJUDICE** from Complaint [1] & [14] in accordance with 28 U.S.C. §§ 1915A and 1915(e) for failure to state a claim upon which relief can be granted against this Defendant.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to the Recommendation set forth

above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.

IT IS SO ORDERED.

DATED: May 23, 2013

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE