IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MICHELLE NICOLE EVANS,**

        **Plaintiff,**


**v.**                                                    **Civil Action No.  3:13CV11**
                                                          **(Judge Groh)**


**CPL. ADAM ALBAUGH,**
**PATROLMAN TERESA GIBBONS,**
**PATROLMAN DANIEL NORTH, AND**
**SERGEANT CRAIG PHELPS.**

            **Defendants.**

**REPORT AND RECOMMENDATION AS TO AMENDED COMPLAINT[44]**

    The plaintiff, a non-prisoner, living in Waynesboro, Pennyslvania, initiated this case pursuant

to a civil rights complaint filed on February 1, 2013.  On February 12, 2013, she was granted leave

to proceed *in forma pauperis* and on May 10, 2013 she was directed to file her Complaint on a court

approved form.  On May 21, 2013, Plaintiff filed her Complaint [14] on the court approved form.

Thereafter, on May 23, 2013, the undersigned Magistrate conducted a preliminary review of the

complaint and entered a Report and Recommendation Dismissing the City of Martinsburg as a

Defendant and entered an Order regarding preliminary review and service of process.  After

reviewing objections to the Report and Recommendation, the District Court entered an Order

adopting the report and recommendation of the Magistrate Judge on June 13, 2013.  On June 28,

2013, the Plaintiff filed a Motion to Amend the Complaint, which the District Court granted on July

22, 2013.  Accordingly, this case is now before the undersigned for a preliminary review of the

Amended Complaint [44] and report and recommendation pursuant to 28 U.S.C. §§ 1915(e) and

1515(A) and LR PL P 83.01, *et seq*.

## I. **The Amended Complaint [44]**

In the amended complaint, the plaintiff raises the same excessive force claims against Martinsburg City Patrolman Teresa Gibbons; Martinsburg City Patrolman Daniel North; Martinsburg City Detective/Corporal Adam Albaugh; and Martinsburg City Sergeant/K-9 Craig Phelps that allegedly occurred during a traffic stop on March 17, 2012. In addition, the plaintiff brings a claim against the following Defendants for failing to supervise the Defendant Officers and for failing to train them properly: Chief of Police Kevin Miller; 3/17/2012 4pm-12am shift supervisor-John Doe; City Manager Mark Baldwin; Mayor George Karos; Martinsburg City Council Members on March 17, 2012, Gregg Watchetel, Rodney Woods, Roger Lewis, Betty Gunnoe, Dennis Etherington, Max Parkinson, and Richard Yaugher.

## I. **STANDARD OF REVIEW**

Because the plaintiff is seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether is it frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325. However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity

dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or where the

claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25,

32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle

v. Gamble, 429 U.S. 97, 106 (1976).

## III. ANALYSIS

Plaintiff has filed this claim under 42 U.S.C. § 1983 which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that

a person acting under color of state law deprived him of the rights guaranteed by the Constitution or

federal laws. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982).

**1. Failure to State Claim upon Which Relief May Be Granted as to City Officials.**

In the instant case, plaintiff alleges in her amended complaint that the following Defendants:

**City Manager Mark Baldwin; Mayor George Karos; Martinsburg City Council Members on**

**March 17, 2012, Gregg Watchetel, Rodney Woods, Roger Lewis, Betty Gunnoe, Dennis**

**Etherington, Max Parkinson, and Richard Yaugher** are "responsible for hiring the police officers

---

[1]Id. at 327.

named in my claim and didn't provide them with the proper training and supervision for their positions as law enforcement officers." [Doc. 44.] There is no specific allegations of a violation of any constitutional right against these named defendants. Instead, it appears that plaintiff merely names these individuals in their official capacity as Martinsburg City Manager, Martinsburg City Mayor and Martinsburg City Council Members. Official capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citation and quotations omitted). Therefore, suits against state officials in their official capacities should be treated as suits against the state. Id. at 16. The United States Supreme Court has held that state officials sued in their official capacities do not constitute "persons" within the language of 42 U.S.C. § 1983. Will v. Michigan. 491 U.S. 58 (1989).

However, in Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978), the Supreme Court held that "Congress did intend municipalities and other local government units to be included among those persons to whom §1983 applies." Id at 690. The Monell court explained that bodies of local governments may be sued under §1983 for money, declaratory, or injunctive relief where the allegedly unconstitutional action was a result of a policy or custom. Id. at 690-91. In order for the governmental entity to be a proper party of interest, the entity's policy or custom must have played a part in the violation. Id. (citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978)). For example, in Monell, the governmental department had an official policy compelling pregnant employees to take unpaid leave of absence before such leaves were required for medical reasons. Id. There, the policy of the department was the constitutional violation.

The plaintiff in this case has made no allegations that would support such a finding that any policies of the City of Martinsburg are unconstitutional, and therefore, City Manager Mark Baldwin; Mayor George Karos; Martinsburg City Council Members on March 17, 2012, Gregg Watchtel,

Rodney Woods, Roger Lewis, Betty Gunnoe, Dennis Etherington, Max Parkinson, and Richard

Yaugher should be dismissed as defendants in this matter.

**2.** *Respondeat Superior*- **Chief of Police Kevin Miller and John Doe (shift supervisor)**

In her complaint, the plaintiff names Chief of Police Kevin Miller and John Doe-(Shift

Supervisor on March 17, 2012) in their official supervisory capacities of those Defendants that

committed the alleged excessive force violations. The plaintiff does not allege in the amended

complaint that any of these individuals were personally involved in the violation of her constitutional

rights. Instead, plaintiff names them only in their official capacities as supervisors.

There is no *respondeat superior* liability under § 1983. See Monnell v. Department of Social

Services, 436 U.S. 658 (1978); see also Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1997). Instead,

"liability will lie where it is affirmatively shown that the official charged acted personally in the

deprivation of the plaintiff's rights." Vinnedge, supra. Nonetheless, when a supervisor is not

personally involved in the alleged wrongdoing, he may be liable under § 1983 if a subordinate acts

pursuant to an official policy or custom for which he is responsible. Fisher v. Washington Metropolitan

Area Transit Authority, 690 F.2d 1113 (4th Cir. 1982). Similarly, a supervisor may be liable under

§ 1983 if the following elements are established: "(1) the supervisor had actual or constructive

knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk'

of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was

so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive

practices,' and (3) there was an 'affirmative causal link' between the supervisor's inaction and the

particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir.),

cert. denied, 513 U.S. 813 (1994).[2]

Because the plaintiff fails to allege any personal involvement on the part of these defendants and does not make any allegations which reveal the presence of the required elements for supervisory liability in her amended complaint, plaintiff fails to state a claim against either Chief of Police Kevin Miller or John Doe (Shift Supervisor) and they should be dismissed as defendants in this action.

**3. John Doe-Shift Supervisor on March 17, 2012 Between 4pm and 12am**

A plaintiff may name "John Doe" as a defendant when the identity of a defendant is unknown. Boyd v. Gullet, 64 F.R.D. 169 (D. Md. 1974). However, a district court is not required "to wait indefinitely" for the plaintiff to provide the defendant's true identity to the Court. Glaros v. Perse, 628 F.2d 679, 685 (1st Cir. 1980).

The plaintiff has had sufficient time to identify all defendants in this action. Moreover, Plaintiff has made no specific allegation as the court delineates in paragraph two that John Doe committed any errors in his official capacity as supervisor over the defendants who allegedly used excessive force against the plaintiff. Because the plaintiff has not provided the Court with the identity of John Doe (shift supervisor) and has failed to indicate how the unidentified law enforcement personnel violated her constitutional rights, the undersigned recommends that the complaint against John Doe (shift supervisor) be dismissed without prejudice.

## IV. **RECOMMENDATION**

---

[2]"Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm or constitutional injury." Shaw, 13 F.3d at 799. "A plaintiff may establish deliberate indifference by demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses.'" Id.

In consideration of the foregoing, it is the undersigned's recommendation that:

(1) the plaintiff's claims against City Manager Mark Baldwin; Mayor George Karos; Martinsburg City Council Members on March 17, 2012, Gregg Watchetel, Rodney Woods, Roger Lewis, Betty Gunnoe, Dennis Etherington, Max Parkinson, and Richard Yaugher be **DISMISSED with Prejudice**; and

(2) the plaintiff's claims against Chief of Police Kevin Miller be **DISMISSED with Prejudice**; and

(3) the plaintiff's claims against John Doe (Shift Supervisor on March 17, 2012) be **DISMISSED with Prejudice**; and

(4) summary dismissal as to Adam Albaugh, Teresa Gibbons, Daniel North and Craig Phelps is not appropriate at this time.

Accordingly, the **Clerk is directed** to forthwith issue a **twenty-one (21) day** summons for each of the following defendants: Patrolman Daniel North, Martinsburg City Police Officer; Cpl. Adam Albaugh, Martinsburg City Police Officer; Patrolman Teresa Gibbons, Martinsburg City Police Officer, and Sgt. Craig Phelps, Martinsburg City Police Officer. **The summonses shall be served on the defendants' by mailing a copy of this Order, a copy of the amended complaint [44] and a completed summons to their attorney, Keith C. Gamble, Esq. at the following address: Pullin Fowler Flanagan Brown & Poe PLLC-Morgantown, 2414 Cranberry Sq., Morgantown, WV 26508.**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, the plaintiff may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such

objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Court. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The **Clerk of the Court is directed** to provide a copy of this Order to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

The **Clerk is further directed** to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to her last known address as shown on the docket.

DATED: July 26, 2013

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE