# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**MICHELLE NICOLE EVANS,**

    Plaintiff,

v.                                                                                            CIVIL ACTION NO. 3:13-CV-11
                                                                                                          (JUDGE GROH)

**CPL. ADAM ALBAUGH,**
**PATROLMAN TERESA GIBBONS,**
**PATROLMAN DANIEL NORTH, and**
**SERGEANT CRAIG PHELPS,**

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE AMENDED COMPLAINT

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel. Pursuant to this Court's Local Rules, this action was referred to Judge Joel for a preliminary screen of Plaintiff's Amended Complaint and subsequent submission of a report and recommendation.[1] Judge Joel filed his report and recommendation on July 26, 2013. In

---

[1] Pursuant to 28 U.S.C. § 1915, the courts are required to screen the plaintiff's complaint when *in forma pauperis* status has been granted. In this case, the magistrate judge conducted the preliminary screen of Plaintiff's Complaint because she was proceeding *in forma pauperis*. The statute provides in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

**28 U.S.C. § 1915(e)(2)**. Therefore, pursuant to this statute, numerous courts have performed a preliminary screening of a non-prisoner complaint. *See **Fogle v. Blake***,

1

that filing, the magistrate judge recommended that this Court dismiss with prejudice Plaintiff's claims against the following: City Manager, Mark Baldwin; Mayor, George Karos; Martinsburg City Council Members as of March 17, 2012, Gregg Watchetel, Rodney Woods, Roger Lewis, Betty Gunnoe, Dennis Etherington, Max Parkinson, and Richard Yaugher; Chief of Police, Kevin Miller; and Shift Supervisor on March 17, 2012, John Doe.

I.  **Background**

In her Complaint, Plaintiff raises excessive force claims against the defendants for actions that occurred during a traffic stop on March 17, 2012. Plaintiff alleges that defendant officers punched her in the face and head, tazed her six times, and pulled her hair while she was on the ground subdued by another officer. Plaintiff alleges that an officer also stomped on her face while she was subdued, resulting in her tooth breaking in half. Plaintiff states she was also assaulted at the City Police Station because officers grabbed her hair, called her a whore, and aggressively searched her.

On February 1, 2012, Plaintiff filed this case pursuant to a civil rights complaint. On February 12, 2013, the Court granted leave for Plaintiff to proceed *in forma pauperis*. On May 10, 2013, the Court directed Plaintiff to file her Complaint on a court-approved form. On May 21, 2013, Plaintiff filed her Complaint on the court-approved form.

---

227 Fed. Appx. 542, *1 (8th Cir. July 10, 2007) (affirming district court's pre-service dismissal of non-prisoner's § 1983 Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B); ***Michau v. Charleston Cnty., S.C.***, 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screen a non-prisoner Complaint); ***Zessin v. Neb. Health & Hum. Servs.***, 2007 WL 2406967 (D. Neb. Aug. 20, 2007) (stating "it is clear that 28 U.S.C. §1915(e)(2)(B) authorizes dismissal of complaints filed in forma pauperis without regard to whether the plaintiff is a prisoner"); ***Womack v. Teleplan***, 2003 WL 21289652 (N.D. Tx. May 29, 2003) (performing a preliminary screen of the plaintiff's complaint pursuant to 28 U.S.C. § 1915).

On May 23, 2013, Judge Joel performed a preliminary review of the Complaint and provided a report and recommendation. Judge Joel recommended that Plaintiff's claim against the City of Martinsburg, for allegedly failing to supervise and properly train the defendant officers, be dismissed with prejudice because the City of Martinsburg is not a proper defendant as the entity is not a person subject to suit under 42 U.S.C. § 1983. On June 13, 2013, this Court adopted Judge Joel's report and recommendation dismissing the City of Martinsburg as a defendant. On June 20, 2013, Defendants filed their Answer to the Complaint.

On June 28, 2013, Plaintiff filed a Motion for Leave to File an Amended Complaint. On July 22, 2013, this Court granted Plaintiff's motion. Plaintiff's Amended Complaint raises the same excessive force claims against Martinsburg City Patrolman Teresa Gibbons; Martinsburg City Patrolman Daniel North; Martinsburg City Detective/Corporal Adam Albaugh; and Martinsburg City Sergeant/K-9 Craig Phelps. The claims allegedly arose out of a traffic stop on March 17, 2012. Additionally, Plaintiff alleged claims against a variety of new defendants for failure to train and supervise the Defendant Officers. The new defendants are City Manager, Mark Baldwin; Mayor, George Karos; Martinsburg City Council Members as of March 17, 2012, Gregg Watchetel, Rodney Woods, Roger Lewis, Betty Gunnoe, Dennis Etherington, Max Parkinson, and Richard Yaugher; Chief of Police, Kevin Miller; and Shift Supervisor on March 17, 2012, John Doe.

On July 26, 2013, the magistrate judge conducted a preliminary review of Plaintiff's Amended Complaint and entered a report and recommendation that the district court dismiss the newly added defendants with prejudice. On August 12, 2013, Plaintiff timely

3

filed her objections.  Accordingly, this matter is ripe for the Court's review.

**II.     Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.  However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  **Thomas v. Arn**, 474 U.S. 140, 150, 160 S.Ct. 466 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review and the parties' right to appeal this Court's Order.  **28 U.S.C. § 636(b)(1)**; **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).  Objections to Judge Joel's report and recommendation were due within fourteen (14) days of being served with a copy of the same, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).  The docket reflects that service was accepted by August 2, 2013. *See* [Doc. 53].  On August 12, 2013, Plaintiff filed objections to the report and recommendation, but Defendants did not file objections.

A complaint is frivolous if it is without "an arguable basis either in law or in fact." **Neitzke v. Williams**, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L.Ed.2d 338 (1989).  In this case, Plaintiff is proceeding *pro se*.  When reviewing a *pro se* complaint, courts hold it "to less stringent standards than formal pleadings drafted by lawyers . . . ." **Haines v. Kerner**, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972).  However, a court may dismiss a claim as frivolous if "the facts alleged are 'clearly baseless.'" **Denton v. Hernandez**, 504 U.S. 25, 32, 112 S. Ct. 1728, 118 L.Ed.2d. 340 (1992) (citing **Neitzke**, 404 U.S. at 327).

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court must also dismiss Plaintiff's Complaint if it fails to state a claim on which relief may be granted. Although a *pro se* plaintiff's pleadings are liberally construed, Plaintiff's Complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). This "plausibility standard requires [Plaintiff] to demonstrate more than a sheer possibility that a defendant has acted unlawfully." **Francis v. Giacomelli**, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). Indeed, Plaintiff must articulate facts that, when accepted as true, demonstrate she has stated a claim entitling her to relief. *Id.*

### III.     Discussion

Plaintiff objects to the report and recommendation on the basis that she adequately alleged in her amended complaint that the newly added Defendants[2] acted with deliberate indifference. Plaintiff merely alleges in her Amended Complaint that the newly named Defendants were responsible for hiring the police officers named in her claim and "didn't provide them with the proper training and supervision for their positions." Plaintiff fails to allege any facts supporting her assertion.

### A.     Claims Alleged Against the City Manager, the Mayor, and the Members of the Martinsburg City Council

Plaintiff failed to allege any specific facts asserting a violation of her constitutional

---

[2]City Manager, Mark Baldwin; Mayor, George Karos; Martinsburg City Council Members as of March 17, 2012, Gregg Watchetel, Rodney Woods, Roger Lewis, Betty Gunnoe, Dennis Etherington, Max Parkinson, and Richard Yaugher; Chief of Police, Kevin Miller; and Shift Supervisor on March 17, 2012, John Doe.

5

rights by the City Manager, the Mayor, or the members of the Martinsburg City Council. Therefore, the magistrate judge concluded that "it appears [P]laintiff merely names these individuals in their official capacity . . . ." In reviewing Plaintiff's Amended Complaint, she provides no specific facts alleging a deliberate indifference claim against the City Manager, the Mayor, or the members of the Martinsburg City Council.

*First*, if Plaintiff seeks to sue the City Manager, the Mayor, or the members of Martinsburg City Council in their personal capacity, then she would be required to "show that the official, acting under color of state law, caused the deprivation of a federal right." **Kentucky v. Graham**, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L.Ed.2d 114 (1985). In this case, Plaintiff failed to allege any actions or specific conduct by the City Manager, the Mayor, or the members of Martinsburg City Council indicating a failure to supervise or train the police officers.

*Second,* because it appears that Plaintiff merely named these individuals in their official capacity, this Court also examines her claims against the individuals in their official capacity. See **Graham**, 473 U.S. at 165 ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (citation omitted). The United States Supreme Court stated that in certain circumstances, a municipality may be liable under 42 U.S.C. § 1983 for constitutional violations resulting from its failure to train municipal employees. **City of Canton, Ohio v. Harris**, 489 U.S. 378, 391, 109 S. Ct. 1197, 103 L.Ed.2d 412 (1989). However, a municipality may be liable for the inadequacy of police training under § 1983 "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id.*

Not only must the plaintiff "identify conduct properly attributable to the municipality," but the plaintiff must also "demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." **Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown**, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L.Ed.2d 626 (1997).

Plaintiff has wholly failed to allege any conduct by the municipality that violated her constitutional rights, such as the training programs or policies are inadequate. *See* **Harris**, 489 U.S. at 389 (stating "[t]he issue in a case like this one, however, is whether that training program is adequate; and if it is not, the question becomes whether such inadequate training can justifiably be said to represent 'city policy.'"). Not only has Plaintiff failed to demonstrate that the municipality and the named Defendants acted deliberately to violate her constitutional rights, she has also failed to demonstrate the causal link between some alleged deliberate conduct and the injury she alleges.

**Third**, Plaintiff argued in her objections that the defendants were "deliberately indifferent." However, "[d]eliberate indifference is a very high standard- a showing of mere negligence will not meet it." **Grayson v. Peed**, 195 F.3d 692, 695 (4th Cir. 1999). An official is deliberately indifferent to a substantial risk of harm when that officer "knows of and disregards" the risk. **Farmer v. Brennan**, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994). In this case, Plaintiff failed to allege in her Amended Complaint that Defendants, the City Manager, the Mayor, and the members of Martinsburg City Council, actually knew of and disregarding a substantial risk to Plaintiff. Therefore, her deliberate indifference claim against these defendants must fail. Accordingly, Plaintiff has failed to allege any facts to support a § 1983 claim against City Manager, Mark Baldwin; Mayor,

7

George Karos; and Martinsburg City Council Members, Gregg Watchetel, Rodney Woods, Roger Lewis, Betty Gunnoe, Dennis Etherington, Max Parkinson, and Richard Yaugher.

### B. Claims Alleged Against the Chief of Police and the Shift Supervisor

Plaintiff's Amended Complaint names as defendants Chief of Police Kevin Miller and John Doe, Shift Supervisor on March 17, 2012 from 4:00 p.m. to 12:00 a.m. She alleges that Kevin Miller and John Doe were responsible for hiring the police officers named in her claim and "didn't provide them with the proper training and supervision for their positions as law enforcement officers."

***First,*** to have liability under § 1983, an official must personally act in the deprivation of the plaintiff's rights because "[t]he doctrine of respondeat superior has no application under [§ 1983]." ***Vinnedge v. Gibbs***, 550 F.2d 926, 928 (4th Cir. 1977). In this case, Plaintiff failed to allege any personal connection between Chief of Police Kevin Miller and John Doe and any denial of Plaintiff's constitutional rights. For example, Plaintiff failed to state how Defendants failed to properly train or supervisor the police officers that arrested Plaintiff. Therefore, Plaintiff's action against these defendants must fail.

***Second***, Plaintiff argued in her objections that the defendants were "deliberately indifferent." However, "[d]eliberate indifference is a very high standard- a showing of mere negligence will not meet it." ***Grayson***, 195 F.3d at 695. An official is deliberately indifferent to a substantial risk of harm when that officer "knows of and disregards" the risk. ***Farmer***, 511 U.S. at 837. In this case, Plaintiff alleged no facts in her Amended Complaint that Defendants, Kevin Miller and John Doe, actually knew of and disregarded a substantial risk

8

to Plaintiff.  Therefore, her deliberate indifference claim against these defendants must fail.

***Third***, because Kevin Miller and John Doe cannot be held vicariously liable for any conduct of their subordinates, Plaintiff must allege "that conduct directly causing the deprivation was done to effectuate an official policy or custom for which [Kevin Miller and John Doe were] responsible."  ***Strickler v. Waters***, 989 F.2d 1375, 1387 (4th Cir. 1993) (quoting ***Fisher v. Washington Metro. Area Transit Auth.***, 690 F.2d 1133, 1142-43 (4th Cir. 1982)).  Plaintiff states no facts that the law enforcement officials that caused the alleged deprivation of her constitutional rights were acting to effectuate an official policy or custom.  Therefore, Plaintiff has failed to allege any facts to support a § 1983 claim against Kevin Miller or John Doe.

## IV.  Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's **Report and Recommendation [Doc. 46]** should be, and is, hereby **ORDERED ADOPTED** and Plaintiff's Objections **[Doc. 56]** are **OVERRULED**.  Accordingly, the Court hereby orders that the following Defendants are **DISMISSED WITH PREJUDICE**: City Manager, Mark Baldwin; Mayor, George Karos; Martinsburg City Council Members as of March 17, 2012, Gregg Watchetel, Rodney Woods, Roger Lewis, Betty Gunnoe, Dennis Etherington, Max Parkinson, and Richard Yaugher; Chief of Police, Kevin Miller; and Shift Supervisor on March 17, 2012, John Doe.  The Clerk is **DIRECTED** to terminate the above-named Defendants.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to

mail a copy to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED:** September 25, 2013

/s/ Gina M. Groh
GINA M. GROH
UNITED STATES DISTRICT JUDGE