IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MICHELLE NICOLE EVANS,**

    **Plaintiff,**

v.        Civil No. 3:13-CV-11

**CITY OF MARTINSBURG,**
**PATROLMAN NORTH,**
**CPL. ALBAUGH,**
**PATROLMAN GIBBONS, and**
**SGT. PHELPS,**

    **Defendants.**

## ORDER CONFIRMING PRONOUNCED ORDER OF THE COURT GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF'S RETAINED EXPERT [73]

### I. INTRODUCTION

This matter is before the Court on Defendants' Motion to Exclude Plaintiff's Retained Expert filed on May 5, 2014. (ECF No. 73). Plaintiff did not file a response. On June 3, 2014, this Court held an evidentiary hearing and argument on the motion. Plaintiff appeared by counsel, William Carey, Esq., and Defendants, Patrolman Daniel North, Cpl. Adam Albaugh, Patrolman Teresa Gibbons and Sgt. Craig Phelps ("Defendants"), appeared by counsel, Keith C. Gamble, Esq. The Court admitted as Defendants' Exhibit 1, the April 11, 2014 letter from Defendants' counsel to Plaintiff's counsel requesting that Plaintiff supplement her expert disclosure. No additional evidence or testimony was presented at the hearing. At the conclusion of the hearing, the Court **GRANTED IN PART AND DENIED IN PART** Defendants' Motion

1

to Exclude [73] and **ORDERED** Plaintiff to make the appropriate disclosure of her expert by June 16, 2014.

## II. BACKGROUND

Pursuant to the Court's pre-trial scheduling order, Plaintiff's expert disclosures were due by March 31, 2014. (ECF No. 59). On March 28, 2014, Plaintiff filed "Disclosure of Plaintiff's Expert" listing Larry D. Bradley as an expert witness. (ECF No. 71). The disclosure identifies Mr. Bradley, lists his home telephone number and address, and explains he is a retired Captain from the West Virginia State Police. The disclosure states he will offer his opinion:

> on whether the defendants used excessive force in their engagement with Ms. Evans on the night in question; whether the defendants' use of force against Ms. Evans was objectively reasonable under the circumstances; whether the actions of the defendants were contrary to any reasonable understanding or perception as to what degree of force against Ms. Evans was legal; whether any reasonable police officer would understand that the use of force against Ms. Evans was violative of her rights under the Fourth Amendment; and such other matters as - after the evidence is in - will be pertinent to whatever legal issues may be before the Court and will be helpful to the jury in reaching its verdict.

(ECF No. 71; ECF No. 79-1). The disclosure further explains that Mr. Bradley only knows a "bare outline" of Plaintiff's contentions and is not familiar with the facts of the case. Plaintiff proposes that Mr. Bradley familiarize himself with the facts by "attending the trial and listening to the testimony of the parties and their witnesses before testifying himself" and reviewing discovery material or conferring with parties or witnesses prior to trial. No CV, other exhibits, or report of opinions was attached with the disclosure.

Following the filing of Plaintiff's disclosure, Defendants sent Plaintiff's counsel a good faith letter requesting that Plaintiff supplement the disclosure or withdraw the expert as well as requesting an extension of Defendants' deadline for disclosure by thirty (30) days. (Defs.' Ex. 1). The parties later conferred on the issue and Plaintiff agreed to extend Defendants' deadline and to review the sufficiency of her disclosure. Plaintiff failed to supplement the disclosure.

### III. DISCUSSION

Pursuant to Rule 26(a)(2), a party is required to disclose the identity of any expert witness along with a written report "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). The report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

Defendants assert that Plaintiff's disclosure only offers "a generalized statement regarding possible opinions" of retired Officer Bradley and is thus insufficient under Rule 26(a)(2). Defendant argues that the incomplete and insufficient disclosure made by Plaintiff fails to provide "the proper information and/or ability to determine the sufficiency of the opinions

and/or means to challenge the opinions until after the trial" has commenced. Defendants request the exclusion of Plaintiff's expert because the expert was not sufficient disclosed and Plaintiff failed to comply with Rule 26(a)(2).

Plaintiff argues that Defendants' argument is most likely correct under the Federal Rules of Civil Procedure 26(a), which requires an expert to produce a written report. However, Plaintiff asserts the Federal Rule of Evidence 703 explicitly allows for what Plaintiff seeks to achieve in this case, which is that the facts and data on which expert bases their opinion may be those perceived by the witness at or before the hearing. Plaintiff asserts that Mr. Bradley is qualified based on his prior experience as a Captain of the West Virginia State Police to express an opinion after hearing the facts presented at trial as to whether excessive force was used or whether Plaintiff's rights were violated. Plaintiff emphasizes that Mr. Bradley cannot express this opinion until after hearing all the facts as articulated at trial.

## IV. CONCLUSION

The Court finds that Plaintiff's Disclosure of Plaintiff's Expert [71] is insufficient under Rule 26(a)(2). Accordingly, Defendants' Motion to Exclude Plaintiff's Retained Expert [73] is **GRANTED IN PART AND DENIED IN PART** and Plaintiff is **ORDERED** to make the sufficient disclosure by June 16, 2014; Defendant will then have until June 30, 2014 to make any disclosure of experts. The undersigned will not issue a ruling as to whether the expert may offer testimony at trial, which is a question of evidence for the trial court.

Any party may, within fourteen (14) days of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court

Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such order.

Filing of objections does not stay this Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED**.

**DATED**: June 9, 2014

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE