**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**MICHELLE N. EVANS,**

    Plaintiff,

**v.**                                  **CIVIL ACTION NO.: 3:13-CV-11
(JUDGE GROH)**

**THE CITY OF MARTINSBURG,
PATROLMAN NORTH,
CPL. ALBAUGH,
PATROLWOMAN GIBBONS, and
SGT. PHELPS,**

    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION AND DISMISSING COMPLAINT**

On this day, the above-styled matters came before the Court for consideration of Plaintiff's "Motion for Remand and Amendment of Complaint," filed on August 26, 2014. ECF 107. On August 27, 2014, in light of the pretrial conference scheduled for September 19, 2014, this Court ordered Defendants to file a response, if any, by Friday, September 5, 2014. On Monday, September 8, 2014, Defendants filed their response to Plaintiff's motion. On September 10, 2014, this Court ordered Plaintiff to file a reply, if any, by Monday, September 15, 2014. On September 15, 2014, Plaintiff filed a reply. Therefore, this issue is ripe for the Court's review.

**I. Jurisdiction**

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's complaint asserts a cause of action under 42 U.S.C. § 1983. This Court does not have jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of West Virginia

and is not completely diverse from Defendants.

## II. Plaintiff's Motion to Remand

Plaintiff has requested that this Court remand her action to Berkeley County Circuit Court. Then, Plaintiff also requests that she be permitted to amend her complaint–either before or after remanding her case–to remove the § 1983 claim. On September 9, 2014, Defendants filed their objections, which contain two arguments opposing the motion. First, Defendants assert that this case was initially filed in federal court. Therefore, it cannot be remanded to a state court. Second, Defendants argue that Plaintiff's amendment is untimely.

Plaintiff is essentially requesting that she be permitted to dismiss her case so that she may attempt to file her claim in Berkeley County Circuit Court. Therefore, this Court construes Plaintiff's request as a motion to dismiss her complaint pursuant to Federal Rule of Civil Procedure 41. Federal Rule of Civil Procedure 41(a) governs voluntary dismissals. Rule 41(a)(1) provides that a plaintiff may dismiss her complaint without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or by filing a "stipulation of dismissal signed by all parties who have appeared." In this case, Defendants have filed an answer and a motion for summary judgment. Additionally, Plaintiff's motion was not a stipulation of dismissal signed by all parties who have appeared.

However, if Rule 41(a)(1) does not apply, then Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." In this case, Plaintiff has requested that this Court remand her case to Berkeley County Circuit Court. However, this Court cannot remand the civil

action to state court because this case was initially filed in federal district court, and it was not removed to this court from a state court.  Plaintiff, though, is essentially requesting that her civil action be dismissed from federal court so that she may file her complaint in Berkeley County Circuit Court.  The Court finds that, considering Plaintiff's *pro se* status when she initially filed this case in federal court, it is proper to dismiss this case without prejudice.  Therefore, Plaintiff's motion is **GRANTED**, and this case is hereby **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties.

**DATED:** September 16, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE